UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                              Chapter 13

Ali Abbas,                                          Case No. 19-56737

    Debtor.                                     Hon. Phillip J. Shefferly

_____/

**OPINION AND ORDER ALLOWING PROOF OF
CLAIM NO. 8-1 AS A GENERAL UNSECURED
CLAIM BUT DISALLOWING PRIORITY CLAIM STATUS**

## Introduction

This matter is before the Court on a Chapter 13 debtor's objection to the allowance and priority of a proof of claim. For the reasons explained, the Court denies the objection to the allowance of the claim but sustains the objection to the priority of the claim.

## Jurisdiction

This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157(a).

## Background

The following facts are not in dispute.

On November 26, 2019, the Debtor filed this Chapter 13 case. On January 10, 2020, the Debtor's former spouse, Ayesha Abbas ("Creditor"), filed proof of claim

number 8-1 ("Claim") in the amount of $5,200.00 as a priority claim for a domestic support obligation. Attached to the Claim is a copy of an order ("Order") entered by the Wayne County Circuit Court Family Division ("State Court") on August 20, 2019 in a pre-bankruptcy divorce case between the Debtor and the Creditor. The Order granted the Creditor's motion to compel the Debtor to produce certain documents. The Order stated that if the Debtor "fails to produce" the documents "within 14 days, he will be assessed a penalty of $50.00 a day until he has fully complied."

On February 7, 2020, the Debtor filed an objection ("Objection") (ECF No. 39) to the Claim. The Objection challenges both the amount of the Claim and the priority status asserted by the Claim. On March 16, 2020, the Creditor filed a response (ECF No. 70).

On March 24, 2020, the Court held a hearing on the Objection. At the hearing, the Court overruled the Objection's challenge to the amount of the Claim based on an unrebutted December 2, 2019 email from the law firm representing the Debtor that persuaded the Court that the Debtor had not complied with the Order until December 2, 2019. The $5,200.00 amount of the Claim was based on the Creditor's calculation of the $50.00 per day penalty from the date that the Order required the production of documents through the date that the Debtor complied with the Order as shown by the email. Although the Court stated that it would allow the Claim in the amount filed, the Court found that the record before it was not sufficiently developed to enable the Court to rule on whether the Claim is entitled to priority as a domestic support obligation. As

- 2 -

19-56737-pjs    Doc 90    Filed 07/20/20    Entered 07/20/20 16:12:57    Page 2 of 7

a result, the Court scheduled an evidentiary hearing on that issue. Subsequently, the evidentiary hearing was adjourned at the request of the parties, in part because they were still trying to obtain a copy of the transcript ("Transcript") of the August 19, 2019 hearing in the State Court that led to the entry of the Order.

On June 16, 2020, the Court held a status conference on the Objection. The Debtor and the Creditor advised the Court that they had now obtained the Transcript and agreed to file it with this Court. The Court then conferred with the parties about rescheduling the evidentiary hearing. Both parties expressed concern over the costs that they would have to incur to conduct an evidentiary hearing, and about the logistics and timing for conducting the evidentiary hearing remotely because of the COVID-19 health crisis. With the express consent of the parties, the Court cancelled the evidentiary hearing but gave the parties an opportunity to more fully develop the record for the Court to determine whether the Claim is entitled to priority status as a domestic support obligation. The Court then set a deadline for the parties to file a copy of the Transcript and to file any supplements to the papers that they had previously filed.

On June 30, 2020, the Creditor filed a supplemental brief (ECF No. 86). The Creditor attached a copy of the Transcript. The Creditor also attached affidavits of the Debtor and her State Court attorney, Royce Nunley, as well as a tax return and schedules from the Creditor's own Chapter 7 bankruptcy case, number 17-55784. On July 1, 2020, the Debtor filed a supplemental brief (ECF No. 89). Both supplemental briefs discussed relevant case law.

As noted, because the Court already stated that it would allow the Claim in the amount of $5,200.00, the sole remaining issue is whether the Claim is a domestic support obligation entitled to priority under § 507(a)(1) of the Bankruptcy Code. It makes a big difference under the Debtor's Chapter 13 plan. Under § 1322(a)(2) of the Bankruptcy Code, a Chapter 13 plan must provide for payment in full of all claims entitled to priority under § 507. Not so with respect to non-priority, general unsecured claims.

## **Applicable law**

Section 101(14A) of the Bankruptcy Code defines domestic support obligation. Relevant to this case, the definition includes a debt that is "(A) owed to or recoverable by a . . . former spouse . . . ; (B) in the nature of alimony, maintenance, or support . . . of such . . . former spouse . . . ; (C) established . . . by reason of applicable provisions of . . . (ii) an order of a court of record; and (D) not assigned to a nongovernmental entity . . . ."

There is no dispute as to elements (A), (C) and (D). The Claim is a debt owed to or recoverable by the Debtor's former spouse, established by the Order entered by the State Court, and the debt has not been assigned to anyone. The sole dispute pertains to element (B), whether the debt evidenced by the Claim is in the nature of alimony, maintenance or support. The Creditor says that the debt is in the nature of support, the Debtor says that it is not.

The Sixth Circuit Court of Appeals has held that "[N]othing in the statute precludes an attorney's fee award from being treated as 'in the nature of . . . support.'" Rugiero v. DiNardo (In re Rugiero), 502 Fed. Appx. 436, 439 (6th Cir. 2012). Citing Sorah v. Sorah, 163 F.3d 397 (6th Cir. 1998), the Sixth Circuit explained that to determine whether a particular fee award is in the nature of support, a federal court must look at "traditional state law indicia" of support obligations, such as "(1) a label such as alimony, support, or maintenance in the decree or agreement, (2) a direct payment to the former spouse, as opposed to the assumption of a third-party debt, and (3) payments that are contingent upon such events as death, remarriage, or eligibility for Social Security benefits." In re Rugiero, 502 Fed. Appx. at 439. In Rugiero, the Sixth Circuit held that the attorney fee award in the child custody case before it was in the nature of support, emphasizing that the state court that made the award "looked at the relative capacities" of the two parties. The Sixth Circuit then observed that "when courts have held that fee awards do not amount to domestic support obligations, that was because the state court's orders failed to tie the awards to the creditor spouse's financial needs." Id. at 439-440 (citations omitted).

### Discussion

The "traditional state law indicia" do not show that the Claim is in the nature of support.

The Order does not say that the Claim is for support of the Creditor. The Order describes the $50.00 per day as an amount to be "assessed" as a "penalty". The Order

- 5 -

does not mention anything about the Creditor's financial condition or relate the payment of the amount to any event in the Creditor's life. The Order focuses only on the Debtor's conduct.

The Transcript shows that it was the State Court judge — not the Creditor — who came up with the idea of a daily penalty of $50.00. The Transcript shows that when the Creditor argued for an order compelling the production of documents, the Creditor did not say anything about her ability to pay for the legal fees in the litigation nor did she mention anything either directly or indirectly about her financial condition. The Creditor made no reference either to any need that she had for support, or any ability of the Debtor to provide her support. In ordering the "fifty dollar a day penalty," the State Court judge likewise did not mention anything about the relative capacities of the Creditor and the Debtor to pay legal fees and did not refer at all to the financial condition of either the Creditor or the Debtor. There is nothing in the Transcript to even remotely suggest that the State Court imposed the $50.00 a day penalty as a form of support for the Creditor. The Transcript reflects that this was entirely a penalty for bad conduct by the Debtor, not at all in the nature of support for the Creditor.

The other exhibits attached to the Creditor's supplemental brief are not probative of the nature of the Claim. Those exhibits describe the Creditor's own financial hardships, the length and cost of the divorce proceeding, and the Creditor's complaints about the Debtor's conduct. Those are not unimportant matters, and the Court is not

unsympathetic to the Debtor. But those do not tend to show that the Claim is in the nature of support.

There is simply nothing in the Order, the Transcript, or the Creditor's exhibits that *ties* the Claim in any way to the Creditor's financial needs or the Debtor's ability to pay. After considering the "traditional state law indicia" of support obligations, as required by the Sixth Circuit Court of Appeals, the Court concludes that the Claim is not entitled to priority claim as a domestic support obligation. Accordingly,

**IT IS HEREBY ORDERED** that the Claim is allowed in the amount of $5,200.00 as a general unsecured claim.

**IT IS FURTHER ORDERED** that the Claim is not a domestic support obligation entitled to priority under § 507(a)(1) of the Bankruptcy Code.

**Signed on July 20, 2020**

/s/ Phillip J. Shefferly
**Phillip J. Shefferly**
**United States Bankruptcy Judge**